IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KEITH HENDERSON, | : |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 7:15-CV-070-HL-TQL |
| STATE OF GEORGIA, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

## ORDER

Plaintiff Keith Henderson, a prisoner who is incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a *pro se* pleading in the United States District Court for the Middle District of Florida apparently seeking relief under 42 U.S.C. § 1983.[1]  Plaintiff seeks leave to proceed *in forma pauperis*.  As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*.  His motion to proceed *in forma pauperis* (ECF No. 2) is therefore **DENIED**, and this action is **DISMISSED without prejudice**.  Plaintiff's additional "Motion to Fast-Track the Case" (ECF No. 10) is **DENIED as moot.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

---

[1] Although Plaintiff filed his Complaint on a habeas petition form, the Florida court construed Plaintiff's Complaint as one arising under 42 U.S.C. § 1983 because all of the listed grounds for relief concern the conditions of Plaintiff's confinement and the only relief sought is monetary damages.  (Transfer Order 1 n.1, ECF No. 5.)

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed a host of frivolous and meritless cases in federal court and that "his status as a three-strikes plaintiff cannot seriously be disputed." *Henderson v. Thrash*, 1:14-CV-00202-NT, 2014 WL 2944065, at *1 (D. Me. June 30, 2014). Plaintiff has been identified as an abusive and vexatious litigant for his filing of numerous actions without a plausible factual or legal basis, and the Southern District of Georgia even created a special plan and miscellaneous case file to consolidate Plaintiff's complaints for prescreening in an effort to lessen the impact of his repeated frivolous filings. *See* Order, *In re Keith Henderson*, ECF No. 1 in Case No. 3:12-mc-002 (S.D. Ga. Dec. 18, 2012). Orders dismissing Plaintiff's complaints as frivolous, malicious, or for failing to state a claim upon which relief may be granted include: Order Dismissing Compl., *Henderson v. Newsome*, ECF No. 10 in Case No.

CV311-056 (S.D. Ga. Oct. 17, 2011) (dismissed as a sanction for abuse of the judicial process); Order Dismissing Compl., *Henderson v. Harris*, ECF No. 8 in Case No. 1:09-CV-181 (M.D. Ga. Feb. 19, 2010) (dismissal for failure to follow court orders); *Henderson v. Strickland*, ECF No. 10 in Case No. 1:09-CV-176 (M.D. Ga. Feb. 17, 2010) (same).[2]  Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff alleges that during his confinement he has been subjected to robbery, rape, and sexual assault.  (Compl. 5, ECF No. 1.)  He also states that his personal

---

[2] Providing false information to the Court and failing to comply with court orders both constitute "abuse of the judicial process," and the Eleventh Circuit has held that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007); *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

property has been stolen and that there is a conspiracy to murder him. *Id.* Plaintiff makes unspecified complaints about "store, hygiene, jewelry, security custody level, [and] medical profile." *Id.* He also contends he suffered "brutality or inadequate medical care." *Id.* at 7. Finally, Plaintiff appears to allege he was discriminated against and denied access to file civil rights complaints. *See, e.g., id.* at 8.

To the extent Plaintiff's allegations can be construed as complaining that prison officials assaulted him or failed to provide him adequate medical care in the past, such claims are insufficient to establish that he should be permitted to proceed *in forma pauperis* in the present action. *See Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]."). And Plaintiff's general references to any other potentially dangerous conditions in the prison are not sufficient to establish an imminent threat of serious physical harm. Plaintiff's vague statements provide the Court with no specific facts regarding the alleged violence or threatening conduct he claims to endure. *See Newsome v. Johnson*, No. CV 312-086, 2012 WL 5472051, at *2 (S.D. Ga. Oct. 10, 2012) (prisoner's failure to identify who was threatening him or to offer other specific facts in support of his allegations was insufficient to demonstrate eligibility for "imminent danger" exception); *cf. also Smith v. Clemons*, 465 F. App'x 835, 835 (11th Cir. 2012) (per curiam) (prisoner alleged imminent danger when he specifically described the prison official who threatened him and the nature of those threats). Absent such facts, Plaintiff's allegations are not sufficiently specific to establish a real and imminent danger of serious

physical injury. *See White,* 157 F.3d at 1231 (vague allegations of harm and unspecific references to injury are insufficient). The Court thus finds that Plaintiff has failed to demonstrate how he is now entitled to proceed *in forma pauperis* despite his three strikes.

Plaintiff will therefore not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

As discussed above, Plaintiff may not proceed *in forma pauperis* in this action, so his motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED without prejudice**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee. Plaintiff has also filed a "Motion to Fast-Track the Case" (ECF No. 10) which is **DENIED as moot.**

**SO ORDERED**, this 23rd day of July, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE